UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WOODWARD,

                Petitioner,

v.

SCOTT SPEER,

                Respondent.

CASE NO. 3:24-cv-06052-RAJ-GJL

REPORT AND RECOMMENDATION

NOTING DATE: **January 21, 2025**

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Robert Woodward, proceeding *pro se*, initiated this action on December 26, 2024, by filing a Motion to Proceed *In Forma Pauperis* (Dkt. 1), a Proposed Petition (Dkt. 1-2), and other Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5, 1-6, 1-7). Upon review, the undersigned recommends the instant action be **DISMISSED without prejudice** as it is duplicative of another federal habeas action currently pending in this Court. It is further recommended the IFP Motion (Dkt. 1) and all other Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5, 1-6, 1-7) be **DENIED as moot**.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain

REPORT AND RECOMMENDATION - 1

two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, No. 5:19-cv-01441-PA (GJS), 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

In his Proposed Petition, Petitioner challenges a life sentence arising out of a state court conviction entered in *State of Washington v. Robert Lucas Woodward*, Superior Court of Washington for Mason County Case No. 11-1-00088-5. Dkt. 1-2 at 2. Although the Proposed Petition is styled as one filed pursuant to 28 U.S.C. § 2241, the sole mechanism for obtaining federal habeas relief by those in state confinement is a petition filed pursuant to 28 U.S.C. § 2254. *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Thus, the Court construes the Proposed Petition as one filed under 28 U.S.C. § 2254.

Several months before he filed his Proposed Petition in this action, Petitioner initiated two separate federal habeas actions challenging the same underlying state court conviction. *See Woodward v. Bennett*, No. 3:24-cv-05442-BJR (W.D. Wash. filed Jun. 5, 2024); *Woodward v. Bennett*, No. 3:24-cv-05540-JHC (W.D. Wash. filed Jul. 3, 2024). The second action was dismissed as duplicative of the first. *Woodward*, No. 3:24-cv-05540-JHC at Dkt. 5, 6. And currently pending in Petitioner's first action is a recommendation of dismissal for failure to exhaust state court remedies. *Woodward*, No. 3:24-cv-05442-BJR at Dkt. 26. If Petitioner

REPORT AND RECOMMENDATION - 2

believes he has habeas claims that should not be dismissed for failure to exhaust, the proper avenue for disputing this outcome is by filing objections to the pending Report and Recommendation in his earlier-filed action, not by seeking a different outcome in this new action.

Accordingly, the undersigned recommends the Proposed Petition (Dkt. 1-2) be **DENIED** and this action be **DISMISSED without prejudice** because it is duplicative of an earlier-filed habeas action that remains pending in this Court. Additionally, Petitioner's IFP Motion (Dkt. 1) and his other Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5, 1-6, 1-7) should be **DENIED as moot**. Finally, a certificate of appealability should be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 21, 2025**, as noted in the caption.

Dated this 6th day of January, 2025.

Grady J. Leupold
United States Magistrate Judge